R. Willis Orton (2484)
KIRTON & McCONKIE
60 East South Temple, Suite 1800
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Attorneys for Intellectual Reserve, Inc.

FILED
U.S DISTRICT COURT

2008 APR 30  P 2: 55

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL EDUCATION TECHNOLOGIES, LLC, a Georgia limited liability company, formerly known as CITO-LT, a Georgia limited liability company; STEVE BRANDAU; LARRY HOWICK; JANIS KOH; and John Does 1-5<br><br>    Defendants.<br><br>GLOBAL EDUCATION TECHNOLOGIES, LLC, a Georgia limited liability company,<br><br>    Counterclaimant,<br><br>vs.<br><br>ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company,<br><br>    Counterclaim Defendant. | **INTELLECTUAL RESERVE, INC.'S OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS**<br><br>Case: 2:08mc00331<br>Assigned To : Campbell, Tena<br>Assign. Date : 4/30/2008<br>Description: Eleutian Technology v. Global Education Technologies et al |

Pursuant to Rule 45(c)(2)(B), Fed. R. Civ. P., Intellectual Reserve, Inc. ("IRI"), a Utah non-profit corporation, hereby objects to the Subpoena in a Civil Case issued by this Court, and served on it by Eleutian Technology, LLC ("Eleutian"), plaintiff in the proceeding captioned above, No. 1:07cv181J, pending in the United States District Court for the District of Wyoming, as follows:

### Factual Background

1. Eleutian filed a civil action in the United States District Court for the District of Wyoming, bearing the caption noted above, on August 17, 2007 (hereinafter the "Wyoming Action.") A true and correct copy of the CM/ECF docket of the Wyoming Action as of April 29, 2008, is attached hereto as Exhibit "A".

2. The Wyoming Action involves claims between the parties there concerning certain contractual rights to utilize and market a technology developed by BYU and BYU-Hawaii, which technology is currently owned by IRI. IRI is not a party to the Wyoming Action. *See* Exhibit "A".

3. On March 25, 2008, Eleutian's counsel issued a subpoena, from this Court, to be served on IRI. On April 8, 2008, the subpoena was served on IRI through its agent in Salt Lake City, Utah. *See* copy of Subpoena in a Civil Case, Exhibit "B" hereto (hereinafter the "Subpoena").

4. The Subpoena requested production of all documents in IRI's possession regarding:

> Any and all documents or electronic communications which refer to, were addressed to, or were received from: Eleutian Technologies; CITO-LT; Global Educational Technologies; Kent Holiday; Steve Brandau; Larry Howick; the current litigation pending in Wyoming (referenced as Eleutian Technologies v. Global Educational, et al.); Seoul Digital University; CITO-L/APAC; Janis Koh; Dr. Paek Cho; licensing and/or

2

assignments of agreements relating to the ECT; Bill Maycock; Brian Holiday; and/or Drake Hill.

Subpoena, Exhibit "B".

5. Although only served on April 8, 2008, the Subpoena demanded that IRI produce documents responsive to the Subpoena by April 15, 2008, at 2:30 p.m. *Id.*

6. IRI's counsel attempted to secure an extension of time in which to review the subpoenaed documents before either producing them or objecting to their production. After exchanging several emails over the course of several days, Eleutian's counsel, Drake Hill, agreed with Willis Orton, IRI's counsel, that IRI could have until May 2, 2008, in which to review the requested documents and to make objections, as long as some documents would be produced beginning the week of April 20, 2008. *See* emails between R. Willis Orton and Drake Hill, Exhibit "C".

7. On April 22, 2008, IRI copied and mailed to Orintha E. Karns (an associate lawyer of Drake Hill, with a copy to William Maycock, counsel for the defendant Global Educational Technologies) 274 pages of documents (IRI00001-IRI00274), consistent with Mr. Orton's/Mr. Hill's agreement.

8. Since April 22, 2008, IRI has discovered that there are at least 20,000 pages in Microsoft Word, Microsoft Imaging, WordPerfect, and PDF formats and many in native email formats (including Outlook and Group Wise), Microsoft Excel, Microsoft PowerPoint and other formats, including formats which IRI's counsel is unable to open without additional expense. *See* Declaration of Salina Baugh at ¶¶ 4 and 7(c), Exhibit "D" hereto.

9. The sheer number of pages, coupled with the variety of formats in which the documents are found, make it extremely burdensome for IRI to review these 20,000+ pages for

3

privilege, and other bases for non-production, prior to their production, even if the production may stretch over several weeks and months. *Id.* at ¶ 9.

10. On Friday, April 25, 2008, Shawn Richards, an associate lawyer with Mr. Orton, spoke to Drake Hill and offered to have IRI split the cost with Eleutian of having a "searchable" compact disc prepared by a commercial vendor, which would contain the 20,000+ pages, and which would have the benefit to IRI of allowing it to more easily search the documents on the disc in order to determine objections to their production, and would have the benefit to Eleutian of allowing it to receive the requested documents much sooner. Messrs. Richards and Hill discussed the desirability of agreeing to a "claw back" or "inadvertent production" procedure similar to the procedural law found in Fed. R. Civ. P. 45(d)(2)(B), so as to allow the compact disc to be produced immediately, but then to allow IRI to thereafter retrieve, or "claw back", privileged, confidential or other protected documents. *See* April 29, 2008, email from Shawn Richards to Drake Hill, Exhibit "E" hereto. Other than defining the term "confidential", Mr. Hill did not seem to have a problem with this procedure, but wanted some time to converse with his client about the request before agreeing to it.

11. However, as of April 30, 2008, Mr. Hill, on behalf of Eleutian, still had not responded to IRI's counsel's email to indicate his client's agreement to accepting (a) IRI's proposal to split of the costs of the compact disc housing the 20,000+ pages, and (b) his client's agreement to the "claw back" or inadvertent production procedure. *See* Exhibit "E" hereto.

12. In addition, despite Messrs. Orton and Richard's request that Mr. Hill's office provide them with a copy of any protective order that may have been entered with regard to the production of documents in the Wyoming Action, including documents produced by IRI, Eleutian still has not produced such a document or confirmed whether or not a protective order is

4

in place which would cover the production of third-parties' documents in the Wyoming Action, including IRI's documents. *See* email from R. Willis Orton to Orintha Karns dated April 11, 2008, Exhibit "F" hereto.

## OBJECTIONS

IRI objects to the Subpoena, Exhibit "B", for the reason that the request in the Subpoena is overbroad, given that (a) IRI is not a party to the Wyoming Action, (b) IRI's counsel has the right and obligation to review the subpoenaed documents for privilege and other bases for withholding them from production, prior to production, and (c) that the number of pages of potentially produce-able documents (i.e., at least 20,000+), renders the production excessively burdensome.

In addition, IRI objects to the Subpoena to the extent it seeks production of documents that are covered by the attorney-client privilege, the work product doctrine, or can be deemed to constitute a "trade secret, or other confidential research, development, or commercial information" within the meaning of Rule 26(c)(1)(G) and 45(c)(3)(B)(i), Fed. R. Civ. P. Thus, as currently agreed by counsel for IRI and Eleutian (*see* Exhibit "C" hereto), as these documents are produced on a roll out basis, absent court order and without a deadline for final production, IRI will produce documents, and will yet withhold documents, based on these privileges/objections.

IRI respectfully suggests that the Court, if called upon to resolve this objection, should order Eleutian to pay an equitable share of the costs of preparing a compact disc containing IRI's documents in searchable form. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.,* 669 F.2d 620, 623-24 (10th Cir. 1982)(requiring the party who served the subpoena duces tecum on a non-party to pay for the production expenses); *see also*

5

*Broussard v. Lemon,* 186 F.R.D. 396, 398 (W.D.La. 1999)(requiring the party issuing the subpoena on a non-party to cover the costs of production because "non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation."). In this respect, the Court should order that both IRI and Eleutian may retain a copy of the searchable compact disc which would allow speedier review and production of documents, and order that IRI be allowed to "claw back" or retrieve any such documents on that disc it subsequently finds to be privileged or objectionable within the meaning of Rules 26(c)(1)(G) and 45(c)(3)(B)(i), Fed. R. Civ. P., subject to the right of Eleutian to move to compel production of such documents. Requiring Eleutian to pay an equitable share of the costs of production is consistent with the mandate found in Rule 45(c)(2)(B)(ii), Fed. R. Civ. P., that upon an objection by a non-party, such as IRI, the court must protect said non-party from "significant expenses resulting from compliance."

DATED this 30th day of April, 2008.

KIRTON & McCONKIE

By_____
R. Willis Orton
Attorneys for Intellectual Reserve, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this _30_ day of April, 2008, I caused to be delivered a true and correct copy of the foregoing **INTELLECTUAL RESERVE, INC.'S OBJECTION TO SUBPOENA** in the U.S. mail, postage prepaid, to the below-named persons:

Drake D. Hill
Mistee L. Godwin
Orintha Karns
BROWN, DREW & MASSEY, LLP
159 North Wolcott, Suite 200
Casper, Wyoming 82001

Henry F. Bailey, Jr.
Jared Scott Crecelius
221 East 21st Street
P.O. Box 1557
Cheyenne, Wyoming 82003-1557

William W. Maycock
SMITH GAMBRELL & RUSSELL
Suite 3100 Promenade II
1230 Peachtree Street NE
Atlanta, Georgia 30309-3592

1054819v1

7