IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, LLC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GLOBAL EDUCATION TECHNOLOGIES LLC., et al.<br><br>　　　　Defendants.<br><br>BRIGHAM YOUNG UNIVERSITY HAWAII,<br><br>　　　　Intervenor. | **ORDER RE: MOTION TO QUASH SUBPOENA, MOTION FOR PROTECTIVE ORDER, AND MOTION TO CLARIFY SUBPOENA**<br><br>Civil No. 2:08 mc 331 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

　　　　Before the Court is Richard G. Scott's Motion to Quash Subpoena and Motion for a Protective Order.[1]  The Court heard oral argument on Mr. Scott's motion on July 2, 2008.  Mr. Scott was represented by R. Willis Orton, Shawn T. Richards, and Gregory S. Moesinger; Eleutian Technology, LLC was represented by Brian J. Holiday.  Following the hearing, the Court received proposed orders from both parties and Mr. Scott filed objections to Plaintiff's proposed order.[2]  After hearing oral argument and after reviewing the submissions of the parties and being otherwise fully advised the Court ORDERS as follows:

---

[1] Docket no. 3.
[2] Docket no. 16.

The Court grants Mr. Scott leave of forty-five (45) days from the date of this order to file a third affidavit wherein he may discuss, *inter alia*, the following subjects:[3] (i) his reason for attending meetings referenced in Richard Heaton's deposition; (ii) his participation in and/or advice given in any of those meetings; and (iii) his knowledge of Eleutian's license and/or claims, including the potential overlapping of licenses.  In essence, Mr. Scott is to "more closely address his knowledge and participation in issues related to this case."[4]

Eleutian may file within ten (10) days of the filing of any such affidavit, a response memorandum.  Mr. Scott may then file within five (5) days of the filing of any such response by Eleutian, a reply memorandum addressing issues raised in Eleutian's response.  Any response or reply memoranda filed by the parties is not to exceed ten (10) pages, exclusive of face sheet, table of contents, and exhibits.

The Court takes Mr. Scott's Motion to Quash Subpoena and Motion for a Protective Order under advisement until such time as the aforementioned papers have been filed by the parties.  In the event that a third affidavit is not filed by Mr. Scott within forty-five (45) days of the date of this Order, the Court will in its own discretion make a final determination on these matters.

Finally, the Court notes that there does not appear to be any opposition filed to Mr. Scott's Motion to Clarify Subpoena.[5]  Therefore, the parties are ORDERED to inform the Court within ten (10) days from the date of this order the status of the Motion to Clarify and whether the parties have satisfactorily resolved the issues raised in that motion on their own.

---

[3] Mr. Scott is not limited to only these subjects by the Court.  Instead, these were suggestions made by the Court during oral argument.
[4] Minute Order, docket no. 15.
[5] Docket no. 1.

IT IS SO ORDERED.

Dated this 18th day of July, 2008.

_____
Brooke C. Wells
United States Magistrate Judge