Brian J. Holiday (8931)
Eleutian Legal Department
Eleutian Technology, LLC
215 Second St.
Ten Sleep, WY 82442
brian@eleutian.com
Telephone (307) 366-2902

*Attorney for Eleutian Technology, LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company, | PLAINTIFF'S MOTION TO STRIKE SIGNIFICANT PORTIONS OF THE SECOND AFFIDAVIT AND PARAGRAPH 12 OF THE FIRST AFFIDAVIT OF RICHARD G. SCOTT FILED HEREIN |
| Plaintiff, | |
| v. | |
| GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, formerly known as CITO-LT, a Georgia limited liability company; STEVE BRANDAU; LARRY HOWICK; JANIS KOH; and John Does 1-5, | Case No. 2:08-mc-331-TC |
| | Judge Tena Campbell |
| | Magistrate Judge Brooke C. Wells |
| Defendants. | |
| GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, | |
| Counterclaimant, | |
| v. | |
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company, | |
| Counterclaim Defendant. | |

Plaintiff Eleutian Technology, LLC (hereinafter "Eleutian") brings this Motion to Strike large portions of the Second Affidavit of Richard G. Scott and paragraph 12 of the (First) Affidavit of Richard Scott. Multiple documents Eleutian has recently been provided pursuant to a subpoena show that Elder Scott's sworn affidavits in this matter contain numerous misleading and inaccurate statements and therefore Eleutian requests that portions of the affidavits be stricken based on their inaccuracies.

## FACTS

1. On August 17, 2007, Plaintiff filed a lawsuit in the United States District Court for the District of Wyoming. The lawsuit alleges fraud, interference, and civil conspiracy. The defendants in the Wyoming dispute include Global Education Technologies (aka CITO-LT) and its principals, Larry Howick and Steve Brandau, who reside in the Atlanta, Georgia area.

2. In November 2007 the defendants in the Wyoming litigation, conspiring with numerous LDS Church entities (including Intellectual Reserve, Inc; Brigham Young University Provo; The Missionary Executive Committee of the LDS Church; and others) sought out and received certain licensing rights related to the TALL Software. Those transactions included an assignment of a licensing agreement Plaintiff Eleutian entered into with BYU-Hawaii (hereinafter "BYU-H"). Within days of receiving the assignment, Defendants brought a counterclaim against Eleutian for breach of the newly assigned Eleutian-BYU-H licensing agreement.

3. On April 8, 2008, Plaintiff caused a Subpoena Duces Tecum to be served on Intellectual Reserve, Inc., requesting the production of certain documents related to the Wyoming dispute.

4. On April 8, 2008, Plaintiff caused a Subpoena Duces Tecum to be served on Brigham Young University.

5. On May 13, 2008, Plaintiff caused a subpoena to be served commanding Richard Scott to appear at a deposition to be taken in Salt Lake City.

6. The day prior to his scheduled deposition, on May 20, 2008, Richard Scott filed a Motion to Quash the subpoena in this Court. The motion was accompanied by an Affidavit of Richard Scott.

7. On June 9, 2008, Eleutian filed a Response in Opposition to Richard Scott's Motion to Quash.

8. On June 11, 2008 Richard Scott filed a second Memorandum in support of his Motion to Quash. That memorandum was accompanied by a Second Affidavit of Richard Scott.

9. On July 2, 2008, the Honorable Brooke Wells heard oral arguments on Richard Scott's Motion to Quash.

10. On July 18, 2008, the Honorable Brooke Wells entered an order granting Richard Scott leave to file a third affidavit and requesting he do so within forty five (45) days. The Court is taking the matter under advisement.

11. After the July 2 hearing, Eleutian received documents pursuant to a subpoena from Intellectual Reserve, Inc. (an LDS Church entity) and Brigham Young University. Those

documents, some of which are e-mails written or received by Richard Scott, directly contradict the affidavits of Richard Scott file in this matter.

## ARGUMENT

A review of Richard Scott's sworn affidavits, accompanied by the attached documents, cast a large shadow of doubt over the truthfulness and accuracy of the affidavits filed by Richard Scott in this Court. Portions of the misleading and apparently false affidavits should be stricken from the record and the sworn testimony found therein should not be considered by the Court in determining whether or not to grant Richard Scott's Motion to Quash.

The 10th Circuit has held that portions of affidavits submitted to the court that are found to be false may be stricken from the record and disregarded. *United States v. Esser*, 451 F.3d 1109, 1114 (10th Cir. 2006). In that case the court cited *United States v. Pressley*, 978 F.2d 1026, 1027 (8th Cir. 1992) approvingly for the proposition that, when presented with an affidavit containing false information, the court should strike the false information from the affidavit and consider only what remains. Although a majority of the case law on this subject is of the criminal realm, the principals should also be applied to a civil action.

Below is a comparison of portions of Richard Scott's affidavits in this matter and the documents Plaintiff has recently been provided. Plaintiff requests the portions of the affidavits cited below be stricken by the Court.

I.  **"I am generally aware that Brigham Young University Hawaii ("BYU-H") operates a Center for the Improvement of Teaching & Outreach ("CITO"). Contrary to what Mr. Holiday was allegedly told, CITO has never been under my direction or supervision." (Scott Second Affidavit at 3).**

In a recent production, Brigham Young University produced what appears to be an organizational chart created by the Dean of CITO (attached hereto as Exhibit A) and was included in a report provided to the President of BYU-Hawaii, President Shumway[1]. The chart shows "CITO/Bob Hayden" with a direct line to "Elder Scott". Incidentally five of the seven individuals shown in the chart reporting to Elder Scott were members of the TALL Oversight Committee and have all been deposed in this matter.

II.  **"Although I am generally aware of BYU-H CITO, I do not recall ever before hearing the names Steve Brandau, Larry Howick or CITO-LT." (Scott Second Affidavit at 6).**

**"It is my understanding that the "Wyoming defendants" referred to by Mr. Holiday include Global Education Technologies, LLC (formerly CITO-LT), Steve Brandau, Larry Howick, and Janis Koh. Contrary to what Mr. Holiday was allegedly told, I did not direct and was not responsible for the licensing and assignments of any rights to any of those individuals and/or entities. " (Id. at 10).**

---

[1] There is e-mail evidence that this actual org. chart may have been given to Richard Scott himself by President Shumway.

Numerous documents provided by BYU and IRI (both LDS Church entities) point to Richard Scott being intimately familiar with, and involved in, the transferring of licenses to CITO-LT/GET. Those transfers actually gave rise to the counterclaim in the Wyoming action and, which documents show, were done to shift liability away from a "Church Institution". Although dozens of documents exist which directly refute Richard Scott's affidavit regarding this particular subject, Plaintiff has chosen to highlight four (4) documents to bring to the Court's attention for purposes of this motion.

**Exhibit B: E-mail correspondence between Richard Heaton and Richard Scott**

Exhibit B is an e-mail correspondence between Richard Heaton (Chairman of the TALL Oversight Committee) and Richard Scott. The e-mail correspondence states it is in preparation for a meeting of the Quorum of the Twelve Apostles in which these topics were to be discussed. Richard Heaton reports to Richard Scott the specific details of the proposed transfer of licenses to CITO-LT/GET down to chilling detail of shifting liability for the licensing agreement away from the Church institution and toward GET. Richard Scott replies to the e-mail commending Richard Heaton for handling the matter "masterfully".

**Exhibit C:  Memorandum of a meeting with Elders Scott and Neuenschwander.**

Exhibit C appears to be a memorandum of a meeting between Elder Scott, Elder Neuenschwander and Richard Heaton[2].  The memorandum was drafted by Richard Heaton who is the Director of the LDS Church Missionary Training Center in Provo and was formerly Chairman of the TALL Oversight Committee.  The sole purpose of that meeting appears to have been to discuss the licensing arrangements with CITO-LT.  Despite Richard Scott's affidavit claiming he has never have heard of CITO-LT, in reality Scott himself was actually quarterbacking the entire CITO-LT license restructuring down to the point of which employees CITO-LT should be allowed to hire.

**Exhibit D:  Minutes of Phone Meeting between Elder Scott, Keith Roberts and Richard Heaton.**

Exhibit D is another example of Richard Scott not only being aware of the situation but being intimately involved with the CITO-LT  license transfer.  Richard Scott knew the intricate details of the transfer to CITO-LT, including limiting the liability to Church organizations.

**Exhibit E:  TALL Oversight Committee (TOC) meeting minutes.**

Exhibit E appears to be the minutes of the April 3, 2007 TALL Oversight Committee meeting.  Under bullet point one, the minutes read "As a result of a meeting with Elder Scott,

---

[2] The date on the memorandum is not correct.  It appears from multiple documents provided by Richard Heaton that the date on his documents update.  June 11, 2008 is likely the date the document was accessed and was passed along in the production process.  From other documents received, the actual meeting occurred in 2007.

Keith , Richard (via phone), efforts are underway to rework the licensing agreement regarding the TALL products between BYU and CITO-LT. This document once again makes it clear that, contrary to his affidavit, Richard Scott was involved in and directing the transfer of certain licenses to the Wyoming defendants CITO-LT.

> III. **"Contrary to what Mr. Holiday was allegedly told, I did not supervise, approve or direct the "transactions" referred to in paragraph 17 of the Holiday Declaration . . . In fact, I do not recall whether the "transactions," as described by Mr. Holiday in paragraph 17, ever took place." (Scott Second Aff. at 12).**

From the documents attached as Exhibit F, it appears that the Missionary Executive Council (MEC) discussed and authorized the licensing of the TALL software (including the ECT) to the Wyoming defendants CITO-LT/GET. The proposed MEC minutes[3] read "A recommendation to authorize Intellectual Reserve, Inc. (IRI) to license to Global Educational Technologies (GET) the exclusive right to further develop and market TALL software from commercial purposes was approved." The proposed minutes then go on to explain the details of the license agreement with the defendants. Although Eleutian does not have the actual meeting minutes, Richard Heaton communicates in response to an e-mail discussing Eleutian legal issues, and was sent within hours of the MEC minute entry communication that ". . . I got the minute entry. Green lights ahead". Richard Scott, along with three other members of the Quorum of the Twelve Apostles

---

[3] Plaintiff has not yet obtained the actual minutes of the MEC meeting, however, numerous correspondence surrounding the meeting are clear that any actions regarding the licensing would have to be approved by the MEC, of which Scott was a member. The MEC meeting to approve the GET minute entry occurred on Sept. 20, 2007.

and a Bishop Richard Edgley make up the MEC (See Ex. G).   The MEC authorized the TALL licensing to the Wyoming defendant.

IV. **"I did not oversee, participate in, or have any involvement with, BYU-H's licensing of TALL or any component thereof, to any party." (Affidavit of Richard Scott at 12).**

Exhibit H appears to be an e-mail written by TALL Oversight Committee (TOC) Chairman Richard Heaton.  For the Court's understanding as to the term "area developers", BYU-Hawaii had decided to license the TALL software to "area developers".  Certain BYU-H licensees would have rights over certain geographic regions and thus be that regions "area developer."  Janis Koh, a defendant in the Wyoming lawsuit was the area developer for Korea and Japan.

In the first paragraph on page two of Exhibit H, Richard Heaton writes, "I was then able to meet with Elder Scott.  He approved the course we are following—that we should continue to work with five area developers in hopes of getting one or two to market."

## CONCLUSION

Eleutian lacks the resources and desire to painstakingly document each and every document (of which there are scores) which refute Richard Scott's Affidavits.  Eleutian believes large portions of the affidavits of Richard Scott to be false.  Given the documentation attached to this memorandum, Eleutian respectfully requests that the Court strike those portions of Richard

G. Scott's affidavits that have been cited and disregard them for purposes of deciding Scott's Motion to Quash.

Dated this 1st day of August, 2008.

ELEUTIAN TECHNOLOGY, LLC, Plaintiff

/s/ Brian J. Holiday
Brian J. Holiday
Chief Legal Counsel
Eleutian Technology, LLC
215 Second St.
Ten Sleep, WY 82442
brian@eleutian.com
Telephone (307) 366-2902
*Its Attorneys*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the __1st____ day of ____August__, 2008, the within and foregoing PLAINTIFF'S MOTION TO STRIKE SIGNIFICANT PORTIONS OF THE SECOND AFFIDAVIT AND PARAGRAPH 12 OF THE FIRST AFFIDAVIT OF RICHARD G. SCOTT FILED HEREIN was served upon counsel for defendants by electronic service through the Court's ECM/ECF system to:

R. Willis Orton
Shawn T. Richards
Gregory S. Moesinger
Kirton & McConkie
60 E. S. Temple, Ste. 1800
P.O. Box 45120
Salt Lake City, UT 84145-0120

AND BY EMAIL TO THE FOLLOWING:

William W. Maycock
Smith, Gambrell & Russell, LLP
1230 Peachtree Street, N.E.
Suite 3100, Promenade II
Atlanta, Georgia 30309-3592
bmaycock@sgrlaw.com

Henry F. Bailey, Jr.
Jared S. Crecelius
Bailey, Stock & Harmon, P.C.
221 E. 21st Street
P.O. Box 1557
Cheyenne, WY 82003-1557
hfb@baileystockharmon.com

Michael J. Sullivan
John A. Masterson
Rothgerber, Johnson & Lyons LLP
123 W. First St. Suite 200
Casper, WY 82601-2480
msullivan@rothgerber.com

# EXHIBITS A THROUGH H

# CONFIDENTIAL
# FILED UNDER SEAL
# WITH THE COURT