R. Willis Orton (2484)
Gregory S. Moesinger (10680)
Shawn T. Richards (11949)
KIRTON & McCONKIE
60 East South Temple, Suite 1800
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

Attorneys for the Corporation of the President of
 The Church of Jesus Christ of Latter-day Saints

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, formerly known as CITO-LT, a Georgia limited liability company; STEVE BRANDAU; LARRY HOWICK; JANIS KOH; and John Does 1-5<br><br>    Defendants,<br><br>BRIGHAM YOUNG UNIVERSITY HAWAII, a Utah non-profit corporation,<br><br>    Intervenor. | **THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO AND MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFF ELEUTIAN TECHNOLOGY, LLC**<br><br>Case No. 2:08-mc-331-TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

|  |  |
|---|---|
| GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, | : : : : |
| Counterclaimant, | : : |
| vs. | : : |
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company, | : : : |
| Counterclaim Defendant. | : : |

The Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), by and through its undersigned counsel, respectfully submits this memorandum in support of its objection and motion to quash the subpoena issued and served on it by Plaintiff Eleutian Technology, LLC ("Eleutian").

## STATEMENT OF FACTS

1.  COP is not a party to the underlying litigation, which is currently pending in the United States District Court, District of Wyoming. (*See* Civil Docket, Case No. 1:07-cv-00181-ABJ, a copy of which is attached hereto as Exhibit "A.")

2.  On Friday, August 15, 2008, in the afternoon, Eleutian served COP with a subpoena *duces tecum* (the "Subpoena").[1]

---

[1] At the same time, Eleutian served (or attempted to serve) several other subpoenas to the Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints, The Church of Jesus Christ of Latter-day Saints, Elder L. Tom Perry, Elder Richard G. Scott, Elder Dennis Nuenschwander, and counsel R. Willis Orton, Gregory S. Moesinger, and Shawn T. Richards. All of these subpoenas were purportedly served at the law offices of Kirton & McConkie and commanded the production of documents at various times between August 19, 2008 and August 22, 2008, which is not more than one week from the date of service.

2

3. The Subpoena commanded COP to review its files and produce for inspection potentially a wide range of documents. A true and correct copy of the Subpoena is attached hereto as Exhibit "B," and is incorporated herein by reference.

4. Specifically, the Subpoena called for the production of the following:

> All non-privileged documentation (including but not limited to, notations, letters, correspondence, email, agreements, electronic documents, memoranda, meeting minutes, proposed meeting minutes, notes of telephone conversations, diary entries, communications, and all things similar), which refer to CITO, CITO-LT, Global Education Technologies, GET, Eleutian, Larry Howick, Steve Brandau, Kent Holiday, Sam Merrill, PJ Rogers, Janis Koh, Dr. Paek Cho, Dr. Cho, Seoul Digital University, SDU, CITO-LT/APAC, TALL, ECT, TALL Oversight Committee, Drake Hill, Brian Holiday, Hank Bailey, Bill Maycock, the deposition of Richard Scott, or the Wyoming litigation.

(Ex. "B" at 3.)

5. Eleutian neither defined any of the terms in the Subpoena nor limited the scope of the Subpoena as to time. (*See generally* Ex. "B".)

6. The Subpoena's deadline for COP to respond and produce all requested documents is currently <u>Monday, August 18, 2008 at 3:00 p.m.</u>, the very next business day and only three (3) days after the Subpoena was served. (*See* Exhibit "B" at 1.)

## OBJECTION

Without waiving any other objection, the Subpoena is overly broad, unduly burdensome, vague and ambiguous, and, without proper definitions, unintelligible. The Subpoena calls for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, given the scope of the Subpoena, the shortened time frame to respond, as well as the other subpoenas issued, the Subpoena is designed to harass and annoy.

## ARGUMENT

I. **THE SUBPOENA FAILS TO PROVIDE A REASONABLE TIME TO COMPLY.**

The Court should quash the Subpoena because Eleutian failed to afford COP a reasonable time to produce the requested documents.[2] Rule 45 of the Federal Rules of Civil Procedure states that "the issuing court **must quash** or modify a subpoena" that "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(c)(3)(A) (2008) (emphasis added). Although neither the federal rules nor the local district rules expressly establish a minimum timeframe for compliance, Rule 45 does require that the timeframe be "reasonable." FED. R. CIV. P. 45(c)(3)(A)(i); *see Mann v. Univ. Cincinnati*, 824 F. Supp. 1190, 1202 (S.D. Ohio 1993) (holding "issuance of the subpoena on one week's notice was unreasonable"); *see also Vaughan Furniture Co. v. Featureline Mfg.*, 156 F.R.D. 123, 126 (M.D.N.C. 1994) (finding "that two days is not sufficient time to comply with the subpoena and that petitioner's objections are well taken").

In this case, it is unreasonable to expect COP to gather the potential documents responsive to this request, inspect and review the documents for confidentiality and/or privilege, and then ready them for production in such a short time frame (especially while counsel is trying to address the multiple other subpoenas, including those issued to COP's attorneys personally). (*See* Ex."B" at 1-3.) In fact, due to the total number of subpoenas issued by Eleutian, all of which were purportedly served on Friday, August 15 to the law firm of Kirton & McConkie, it is questionable whether Eleutian actually seeks the discovery or if the Subpoena were designed for

---

[2] Due to the extremely short time frame in which to file this objection and motion, COP has not yet begun to review any files or documents that may be responsive to the Subpoena. Therefore, COP reserves the right to modify and amend this objection and motion to the extent that it discovers that the Subpoena calls for documents containing confidential, highly sensitive, privileged or otherwise protected information.

some other purpose. Moreover, COP is not a party to this litigation and it is appropriate for the Court to consider COP's non-party status in determining whether to quash the subpoena. *See c.f. Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (non-party status a significant factor in determining whether to permit discovery). Therefore, the Court should outright quash Eleutian's Subpoena to COP.

## CONCLUSION

For the foregoing reasons, COP respectfully requests that this Court quash the Subpoena on the grounds that it fails to afford COP adequate time to comply.

DATED this <u>18th</u> day of August, 2008.

          KIRTON & McCONKIE, P.C.

       By: <u>s/Gregory S. Moesinger</u>
         R. Willis Orton
         Gregory S. Moesinger
         Shawn T. Richards
         Attorneys for the Corporation of the President of
          The Church of Jesus Christ of Latter-day Saints

7176-0196/1082489

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>18th</u> day of August, 2008, I caused to be delivered a true and correct copy of the foregoing **THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO AND MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFF ELEUTIAN TECHNOLOGY, LLC** to be served on the following on this <u>18th</u> day of August, 2008, in the manner indicated below.

Drake D. Hill
Mistee L. Godwin
Orintha Karns
BROWN, DREW & MASSEY, LLP
159 North Wolcott, Suite 200
Casper, Wyoming 82001

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) E-Mail (EFC filing)

Brian J. Holiday
Eleutian Technology
215 2nd Street
Ten Sleep, Wyoming 82442

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) E-Mail (EFC filing)

Henry F. Bailey, Jr.
Jared Scott Crecelius
221 East 21st Street
P.O. Box 1557
Cheyenne, Wyoming 82003-1557

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) E-Mail (EFC filing)

William W. Maycock
SMITH GAMBRELL & RUSSELL
Suite 3100 Promenade II
1230 Peachtree Street NE
Atlanta, Georgia 30309-3592

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) E-Mail (EFC filing)

Michael J. Sullivan
John A Masterson
ROTHGERBER JOHNSON & LYONS LLP
123 West First Street, Suite 200
Casper, Wyoming 82601-2480

(X) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
(X) E-Mail (EFC filing)

/s/ Londa Frankis

DOCS\1082489

# EXHIBIT A

(b)(1)(A), MAG

## Electronic Case Filing System
### District of Utah (Central)
### CIVIL DOCKET FOR CASE #: 2:08-mc-00331-TC-BCW

Eleutian Technology v. Global Education Technologies et al
Assigned to: Judge Tena Campbell
Referred to: Magistrate Judge Brooke C. Wells
Case in other court: USDC District of Wyoming,
               1:07cv00181-ABJ
Cause: Motion to Quash

Date Filed: 04/30/2008
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

### Plaintiff

**Eleutian Technology**
*a Wyoming limited liability company*

represented by **Brian James Holiday**
ELEUTIAN LEGAL DEPT
215 2ND ST
TEN SLEEP, WY 82442
(307)366-2902
Email: brian@eleutian.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Drake D. Hill**
BROWN DREW & MASSEY (CASPER)
159 N WOLCOTT STE 200
CASPER, WY 82601
(307)265-8025
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mistee Lyn Godwin**
BROWN DREW & MASSEY
248 W BRUNDAGE
SHERIDAN, WY 82801
(307)673-6612
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Orintha E. Karns**
BROWN DREW & MASSEY (CASPER)
159 N WOLCOTT STE 200
CASPER, WY 82601
(307)234-1000

V.

**Petitioner**

| | | |
|---|---|---|
| **Intellectual Reserve** | represented by | **R. Willis Orton**<br>KIRTON & MCCONKIE<br>60 E SO TEMPLE STE 1800<br>SALT LAKE CITY, UT 84111-1004<br>(801)328-3600<br>Email: worton@kmclaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Petitioner**

| | | |
|---|---|---|
| **Richard G. Scott**<br>*Elder* | represented by | **R. Willis Orton**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shawn T. Richards**<br>KIRTON & MCCONKIE<br>60 E SO TEMPLE STE 1800<br>SALT LAKE CITY, UT 84111-1004<br>(801)328-3600<br>Email: srichards@kmclaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Global Education Technologies**<br>*a Georgia limited liability company*<br>*formerly known as*<br>CITO-LT | represented by | **Henry F. Bailey**<br>BAILEY STOCK & HARMON<br>PO BOX 1557<br>CHEYENNE, WY 82003-1557<br>(307)638-7749<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Steve Brandau** | represented by | **Henry F. Bailey**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **William W. Maycock**<br>SMITH GAMBRELL & RUSSELL LLP<br>PROMENADE II STE 3100 |

|                                | 1230 PEACHTREE ST NE<br>ATLANTA, GA 30309<br>(404)685-6887<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                           |
|--------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------|
|                                | **Jared Scott Crecelius**<br>BAILEY STOCK & HARMON<br>221 E 21ST St<br>PO BOX 1557<br>CHEYENNE, WY 82003-1557<br>(307)638-7749                      |
| **Defendant**<br>Larry Howick  | represented by **Henry F. Bailey**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                        |
|                                | **Jared Scott Crecelius**<br>(See above for address)                                                                                               |
| **Defendant**<br>Janis Koh     | represented by **Henry F. Bailey**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                        |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2008 | 1 | MOTION To Clarify Subpoena (filed as Objection to Subpoena To Produce Documents) filed by Petitioner Intellectual Reserve. Assigned to Judge Campbell, $39 fee paid, receipt number 4681023982 (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E and F)(las) (Entered: 05/01/2008) |
| 05/06/2008 | 2 | ORDER REFERRING CASE to Magistrate Judge Magistrate Judge Brooke C. Wells under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. Motion referred to Brooke C. Wells. Signed by Judge Tena Campbell on 5/6/08 (alt) (Entered: 05/06/2008) |
| 05/20/2008 | 3 | MOTION to Quash Subpoena, MOTION for Protective Order filed by Petitioner Intellectual Reserve. Motions referred to Brooke C. Wells.(Orton, R.) (Entered: 05/20/2008) |
| 05/20/2008 | 4 | MEMORANDUM in Support re 3 MOTION to Quash Subpoena MOTION for Protective Order filed by Petitioner Intellectual Reserve. (Attachments: # 1 Exhibit Exhibit A - Orton Letter dated May 14 2008, # 2 Exhibit Exhibit B - Plts Complaint, # 3 Exhibit Stipulated Scheduling Order in the Wyoming Action, # 4 Exhibit Reif v. CNA)(Orton, R.) (Entered: 05/20/2008) |

| | | |
|---|---|---|
| 05/20/2008 | 5 | AFFIDAVIT of Richard G. Scott in Support re 3 MOTION to Quash Subpoena MOTION for Protective Order filed by Petitioner Intellectual Reserve. (Attachments: # 1 Exhibit Exhibit A - Subpoena in a Civil Case)(Orton, R.) (Entered: 05/20/2008) |
| 06/05/2008 | 6 | MEMORANDUM in Opposition re 3 MOTION to Quash Subpoena MOTION for Protective Order, filed by Plaintiff Eleutian Technology (alt) (Entered: 06/06/2008) |
| 06/11/2008 | 7 | NOTICE OF HEARING ON MOTION re: 3 MOTION to Quash Subpoena MOTION for Protective Order, 1 MOTION To Clarify Subpeona : (Notice generated by BCW Chambers) Motion Hearing set for 7/2/2008 10:00 AM in Room 436 before Magistrate Judge Brooke C. Wells. (jwd) (Entered: 06/11/2008) |
| 06/19/2008 | 8 | AFFIDAVIT of Richard G. Scott re 3 MOTION to Quash Subpoena, MOTION for Protective Order, filed by Intellectual Reserve. (Orton, R.) Modified on 6/20/2008: re-linked document to motion it supports (alt) (Entered: 06/19/2008) |
| 06/19/2008 | 9 | AFFIDAVIT of Dr. Robert L. Hayden re 3 MOTION to Quash Subpoena, MOTION for Protective Order, filed by Intellectual Reserve. (Orton, R.) Modified on 6/20/2008: re-linked document to motion it supports (alt) (Entered: 06/19/2008) |
| 06/19/2008 | 10 | REPLY to Response to Motion re 3 MOTION to Quash Subpoena MOTION for Protective Order *in Further Support* filed by Petitioner Intellectual Reserve. (Attachments: # 1 Exhibit Filed Under Seal)(Orton, R.) (Entered: 06/19/2008) |
| 06/19/2008 | 11 | Modification of Docket re 8 Affidavit, 9 Affidavit. Error: Affidavits did not link to the motion they support. Correction: Affidavits have been re-linked to underlying motion and entry text has been altered to reflect that (alt) (Entered: 06/20/2008) |
| 06/20/2008 | 12 | Ex Parte (Not Sealed) MOTION to Seal Document 3 MOTION to Quash Subpoena MOTION for Protective Order *and Supporting Memorandum* filed by Petitioner Intellectual Reserve. (Attachments: # 1 Text of Proposed Order Granting Motion to File and Seal Documents) Motions referred to Brooke C. Wells.(Orton, R.) (Entered: 06/20/2008) |
| 06/20/2008 | 13 | ORDER granting 12 Motion to Seal Exhibits A-H. Signed by Magistrate Judge Brooke C. Wells on 6/20/08. (blk) (Entered: 06/20/2008) |
| 06/20/2008 | 14 | **SEALED DOCUMENT** SEALED EXHIBITS A-H to 10 Reply Memorandum/Reply to Response to 3 MOTION to Quash Subpoena MOTION for Protective Order filed by Petitioner Intellectual Reserve (alt) (Entered: 06/23/2008) |
| 07/02/2008 | 15 | Minute Order. Proceedings held before Magistrate Judge Brooke C. Wells. Motion Hearing held on 7/2/2008 re 3 MOTION to Quash Subpoena and MOTION for Protective Order filed by Intellectual Reserve.Court heard arguments from csl. Court took motions under advisement and will allow Elder Scott to submit a 3rd aff to more closely address his knowledge and participation in issues related to this case. Cnsl to submit w/i 45 days. Mr. |

| | | |
|---|---|---|
| | | Holiday to prepare order for approval as to form. If further hearing is necessary, cnsl will contact the court. Written Order to follow oral order: y. Attorney for Plaintiff: Brian Holiday, Attorney for Defendant Willis Orton, Shawn Richard. Court Reporter: electronic.(Time Start: 10:02, Time End: 11:01, Room 436.) (mlp) (Entered: 07/02/2008) |
| 07/14/2008 | 16 | OBJECTIONS to *Plaintiff's Proposed Order on Elder Richard G. Scott's Motion to Quash Subpoena and Motion for Protective Order* filed by Petitioner Richard G. Scott. (Orton, R.) (Entered: 07/14/2008) |
| 07/14/2008 | 17 | EXHIBITS filed by Richard G. Scott re 16 Objections. (Orton, R.) (Entered: 07/14/2008) |
| 07/18/2008 | 18 | ORDER re 3 MOTION to Quash Subpoena MOTION for Protective Order, and 1 MOTION To Clarify Subpeona. Signed by Magistrate Judge Brooke C. Wells on 7/18/08 (alt) (Entered: 07/18/2008) |
| 07/28/2008 | 19 | NOTICE of Appearance by Shawn T. Richards on behalf of Richard G. Scott (Richards, Shawn) (Entered: 07/28/2008) |
| 07/28/2008 | 20 | RESPONSE re 18 Order, *on status of motion to clarify subpoena* filed by Petitioner Richard G. Scott. (Richards, Shawn) (Entered: 07/28/2008) |
| 08/01/2008 | 21 | MOTION to Strike *Portions of Affidavits of Richard Scott* filed by Plaintiff Eleutian Technology. Motions referred to Brooke C. Wells.(Holiday, Brian) (Entered: 08/01/2008) |
| 08/07/2008 | 22 | MOTION to Seal Document *attached to Plaintiff's Motion to Strike* filed by Plaintiff Eleutian Technology. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Holiday, Brian) (Entered: 08/07/2008) |
| 08/08/2008 | 23 | ORDER granting 22 Motion to File Certain Exhibits Under Seal. Signed by Magistrate Judge Brooke C. Wells on 8/8/08 (alt) (Entered: 08/08/2008) |
| 08/08/2008 | 24 | **SEALED DOCUMENT** SEALED EXHIBITS A-H to 21 MOTION to Strike *Portions of Affidavits of Richard Scott* filed by Plaintiff Eleutian Technology (alt) (Entered: 08/12/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/18/2008 11:31:53 | | |
| **PACER Login:** | km0108 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-mc-00331-TC-BCW |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
District of Utah

| ELEUTIAN TECHNOLOGY, LLC | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| GLOBAL EDUCATIONAL, ET AL., | Case Number:[1] 07-cv-181-J (WYOMING) |

TO: Corporation of the President of Church of Jesus Christ of Latter Day Saints, c/o R. Willis Orton, Kirton & McConkie, 60 E. S. Temple, Ste. 1800, Salt Lake City, UT

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED DESCRIPTION OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| Offices of R. Willis Orton, Kirton & McConkie, 60 E. S. Temple, Ste. 1800, Salt Lake City, UT 84145; ph. 801.328.3600, fax 801.321.4893 | 8/18/2008 3:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Atty for plaintiff* | DATE 8/11/08 |
|---|---|
| ISSUING OFFICER'S BROWN DREW & MASSEY NAME, ADDRESS AND PHONE NUMBER OHIO OIL OFFICE BUILDING 159 NORTH WOLCOTT, SUITE 200 CASPER, WY 82601   307.234.1000 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DOCUMENTS REQUESTED:

All non-privileged documentation (including but not limited to, notations, letters, correspondence, email, agreements, electronic documents, memoranda, meeting minutes, proposed meeting minutes, notes of telephone conversations, diary entries, communications, and all things similar), which refer to CITO, CITO-LT, Global Educational Technologies, GET, Eleutian, Larry Howick, Steve Brandau, Kent Holiday, Sam Merrill, PJ Rogers, Janis Koh, Dr. Paek Cho, Dr. Cho, Seoul Digital University, SDU, CITO-LT/APAC, TALL, ECT, TALL Oversight Committee, Drake Hill, Brian Holiday, Hank Bailey, Bill Maycock, the deposition of Richard Scott, or the Wyoming litigation.