R. Willis Orton (2484)
Gregory S. Moesinger (10680)
Shawn T. Richards (11949)
KIRTON & McCONKIE
60 East South Temple, Suite 1800
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893

Attorneys for Richard G. Scott

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | | |
|---|---|---|
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company, | : : : : | **ELDER RICHARD G. SCOTT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| Plaintiff, | : : : | |
| vs. | : : | |
| GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, formerly known as CITO-LT, a Georgia limited liability company; STEVE BRANDAU; LARRY HOWICK; JANIS KOH; and John Does 1-5 | : : : : : : | Case No. 2:08-mc-331-TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |
| Defendants, | : : | |
| BRIGHAM YOUNG UNIVERSITY HAWAII, a Utah non-profit corporation, | : : : | |
| Intervenor. | : : : | |
| GLOBAL EDUCATIONAL TECHNOLOGIES, LLC, a Georgia limited liability company, | : : : | |
| Counterclaimant, | : : | |
| vs. | : | |

|                                                              |   |
|--------------------------------------------------------------|---|
| ELEUTIAN TECHNOLOGY, LLC, a Wyoming limited liability company, | : |
|                                                              | : |
| Counterclaim Defendant.                                      | : |
|                                                              | : |

Elder Richard G. Scott, by and through counsel undersigned, hereby opposes Plaintiff Eleutian Technology, LLC's ("Eleutian") Motion to Strike as follows:

## INTRODUCTION

Elder Scott's affidavits are not an appropriate target for a motion to strike. Eleutian does not, and for that matter cannot, cite to any applicable authority that would permit such an action. Furthermore, the issues raised by Eleutian are the very issues this Court suggested that Elder Scott address in a third affidavit. If Eleutian wishes to raise these arguments, it should do so in the manner set forth in this Court's July 18, 2008 Order. Namely, Eleutian should raise its arguments in a memorandum in response to any third affidavit filed by Elder Scott, not in a motion to strike. Finally, Eleutian failed to comply with DUCivR 7-1 by filing a motion without a separate supportive memorandum and by including argument in the motion. On these grounds alone the Court has discretion to deny Eleutian's motion.

## FACTS

1.      On or about May 13, 2008, a subpoena was served on Elder Scott's counsel, R. Willis Orton that commanded Elder Scott's appearance at a deposition scheduled for May 21, 2008. Elder Scott is a non-party to the litigation filed in the Wyoming federal district court captioned *Eleutian Technology, LLC v. Global Educational Technologies, LLC*, et al., Case No. 1:07-cv-181.

2.      On or about May 20, 2008, Elder Scott, by and through counsel, moved this Court to quash Eleutian's subpoena and for a protective order. (Elder Scott Mot. Quash). Elder Scott filed an affidavit in support of his motions. (Affidavit of Elder Richard G. Scott ¶ 8). Eleutian filed an opposition memorandum on June 5, 2008, and Elder Scott filed a reply memorandum on June 19, 2008. (Pl.'s Opp'n Mem., Elder Scott Reply Mem.). Elder Scott filed a second affidavit with the reply memorandum. (Second Affidavit of Elder Richard G. Scott).

3.      The Court heard oral argument on these motions on July 2, 2008, and subsequently entered an Order on July 18, 2008.

4.      In the July 18 Order, this Court granted Elder Scott leave of forty-five days to file a third affidavit wherein he may address, among other things, the following subjects:

> (i) his reason for attending meetings referenced in Richard Heaton's deposition; (ii) his participation in and/or advice given in any of those meetings; and (iii) his knowledge of Eleutian's license and/or claims, including the potential overlapping of licenses. In essence, Mr. Scott is to more closely address his knowledge and participation in issues related to this case.

(July 18, 2008 Order).

5.      This Court also granted Eleutian the right to file a written response within ten (10) days of the filing of any such third affidavit. (*Id.*).

6.      On August 1, 2008, approximately four weeks prior to the expiration of Elder Scott's forty-five day leave, Eleutian preemptively filed a motion to strike significant portions of Elder Scott's second affidavit and one paragraph in his first affidavit. (Pl.'s Mot. Strike).

## ARGUMENT

I.   **ELEUTIAN'S MOTION IS IMPROPER.**

Eleutian moves this Court for an order striking significant portions of Elder Scott's second affidavit and one paragraph of his first affidavit. As grounds for the motion, Eleutian alleges that various documents show that Elder Scott's affidavits contain "numerous misleading and inaccurate statements." (*See* Pl.'s Mot.Strike at 2). As shown below, Eleutian's motion is improper because this Court already provided a mechanism for Eleutian to address its concerns; namely, to respond to Elder Scott's yet-to-be filed third affidavit. Furthermore, Eleutian's motion is also improper because Elder Scott's affidavits are not an appropriate target for a motion to strike. This appears to be yet another attempt by Eleutian to annoy and harass Elder Scott.

A.   **The July 18, 2008 Order Allows Eleutian To File A Response.**

Eleutian's motion is unnecessary. In its July 18 Order, the Court granted Elder Scott forty-five (45) days of leave to file a third affidavit. In that affidavit, the Court suggested that Elder Scott, among other things, "more closely address his knowledge and participation in issues related to this case." (*See* July 18 Order). The Court granted Eleutian the right to file a response within ten (10) days after the filing of any such third affidavit by Elder Scott. (*Id.*). Thus, the Court already provided Eleutian a mechanism to address the very issues raised in its motion to strike.

By preempting Elder Scott's affidavit with this motion, it not only shows Eleutian's blatant disregard for this Court's July 18 Order, but it suggests that Eleutian's real intent is to annoy and harass Elder Scott. *See Moret v. Geren*, 494 F. Supp.2d 329, 336 (D. Md. 2006)

1

(stating that motions to strike are disfavored because they are often sought as a dilatory tactic); C. Charles Alan Wright, Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2008) (stating that motions to strike are often sought by the movant "simply as a dilatory or harassing tactic."). Perhaps with its motion, Eleutian is attempting to garner the "last word" on Elder Scott's motions to quash and for a protective order. However it is analyzed, Eleutian's motion is improper.

### B. Elder Scott Will Address The Issues Raised In Eleutian's Motion In His Third Affidvait.

Elder Scott will file a third affidavit in accordance to this Court's July 18, 2008 Order. In that affidavit, Elder Scott will explain the overreaching conclusions raised by Eleutian in its motion. Simply put, Eleutian's arguments, including all referenced documents, can be rebutted and explained; however, Elder Scott will do so in the manner prescribed by the Court, namely, in a third affidavit.

If Eleutian files a reply memorandum in support of this motion, the memorandum must be limited to issues raised in this opposition. *See* DUCivR 7-1(b)(3) ("A reply memorandum must be limited to rebuttal of matters raised in the memorandum opposing the motion …."). If Eleutian's reply memorandum goes beyond the issues raised herein, it will clearly demonstrate that Eleutian's real intent is to annoy and harass Elder Scott while disregarding well established procedure in the process, as well as this Court's July 18 Order.

### C. Eleutian's Motion Is Not Permitted By Any Governing Authority.

Motions to strike are governed by Rule 12(f), FED R. CIV. P. Under Rule 12(f), "[t]he court *may strike from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED R. CIV. P. 12(f) (2008) (emphasis added). An affidavit

is not a pleading. *See e.g. Lombard v. MCI Telecommunications Corp.*, 13 F.Supp.2d 621, 625 (N.D Ohio 1998) (refusing to strike affidavit testimony because "there is no basis in the Federal Rules for doing so."); *see also* FED R. CIV. P. 7(a) (defining pleadings as the complaint, answer, counter- and crossclaims). To that end, the Federal Rules of Civil Procedure do not permit a motion to strike affidavits, or portions thereof. *See* James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.37[2], at 12-128 (3d ed. 2008) ("only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. … affidavits may not be attacked by the motion to strike."). Elder Scott's affidavits are not pleadings and are therefore not an appropriate target for a motion to strike.

While Rule 12(f) is unavailable to strike anything but pleadings, courts occasionally consider motions to strike affidavits submitted in connection with motions for summary judgment. Even so, that remedy is limited to situations where the affidavit contains inadmissible evidence. *See e.g. Moret*, 494 F. Supp.2d at 336 (citing Rule 56(e) and noting that for summary judgment purposes, an affidavit must present evidence "in substantially the same form as if the affiant were testifying in court.").

Here, case law addressing affidavits filed in connection with summary judgment is not applicable because summary judgment is not at issue. However, even if the Court were to apply a summary judgment like analysis, Eleutian's motion should still be denied because the statements made by Elder Scott in his affidavits are based on personal knowledge and are all admissible. Indeed, Eleutian's motion does not contest the sufficiency or admissibility of any of the statements made in Elder Scott's affidavits. (*See generally* Pl.'s Mot. Strike). Rather, Eleutian claims only that the affidavits contain "misleading" or "false" statements. (*Id.*).

Eleutian's argument goes to the weight of the evidence, not to its admissibility and, therefore, Eleutian's motion should be denied. *See The Sum of $66,839.59 v. IRS*, 119 F.Supp.2d 1358, 1359 (N.D. Ga. 2000) (stating that even in the summary judgment realm, a motion to strike an affidavit is "procedurally improper" where the arguments raised by the moving party go to the "weight" of the evidence "rather than its admissibility.").

    Eleutian fails to cite any relevant authority that would support the filing of its motion. Instead, Eleutian relies on two inapposite criminal cases. (*See* Pl.'s Mot. Strike at 4). In this regard, Eleutian is "guilty" of the very conduct of which it now complains. Namely, Eleutian misleads this Court by citing to a criminal case and stating that "[t]he 10th Circuit has held that portions of affidavits submitted to the court that are found to be false may be stricken from the record and disregarded." (*See* Pl.'s Mot. Strike at 4). Eleutian is completely wrong.

    In *U.S. v. Esser*, 451 F.3d 1109 (10th Cir. 2006), the only Tenth Circuit case cited by Eleutian, the trial court did not deal with a motion to strike, or even with an affidavit; rather, at issue was a ***motion to suppress*** evidence and whether probable cause existed to issue a "no-knock" search warrant. 451 F.3d at 1111. In affirming the magistrate's decision that probable cause did exist, the *Esser* court cites to *U.S. v. Pressley*, 978 F.2d 1026, (8th Cir. 1992), a criminal case from the Eighth Circuit, for the proposition that "the validity of a search warrant is viewed through the eyes of an objective magistrate, not the subjective view of the magistrate making the decision." *Esser*, 451 F.3d at 1114. In a parenthetical statement of dicta made in the citation to *Pressley*, the *Esser* court remarked that in *Pressley*, it was noted that with "an affidavit containing false information, the court strikes the false information from the affidavit and then considers whether the remaining information would satisfy" an objective magistrate that

"probable cause exists to issue the warrant." *Esser*, 451 F.3d at 1114. First, the parenthetical remark was not the holding of the *Esser* court, nor was it made as a statement of the law in the Tenth Circuit. Rather, it was the *Esser* court's view on what the Eighth Circuit noted in *Pressley*; it was dicta. Second, both in *Esser* and in *Pressley*, the trial courts were dealing with well established norms of criminal procedure that have no bearing on civil litigation. Finally, in *Pressley*, (unlike the situation before this Court) it was *undisputed* that the affidavit relied on by the magistrate contained false information.[1] To that end, the Tenth Circuit *has never* held that portions of affidavits that are found to be false may be stricken and disregarded even in the criminal context, let alone in a civil one. Eleutian's argument is without merit.

### D.   Eleutian's Motion Contravenes Local Rule 7-1

In the Utah federal district court, all "[m]otions must set forth succinctly, *but without argument*, the specific grounds of the relief sought. DUCivR 7-1(a) (emphasis added). Furthermore, "each motion *must be accompanied* by a memorandum of supporting authorities that is filed or presented with the motion." DUCivR 7-1(b) (emphasis added). Non-compliance with these rules may result in sanctions that include "(i) returning the motion to counsel for resubmission in accordance with the rule, (ii) denial of the motion, or (iii) other sanctions deemed appropriate by the court." DUCivR 7.1(a).

In *Summit Financial Resources, L.P. v. Walthers Oil Co.*, 2008 WL 3346140 (August 11, 2008, D. Utah), a recent decision by Judge Stewart, sheds additional light on this rule. A copy of *Summit Financial* is attached hereto as Exhibit "A." Citing DUCivR 7-1(a), Judge Stewart

---

[1] In *Pressley*, the only other case cited by Eleutian, the defendant **moved to suppress** evidence because it was undisputed that some information in the in the affidavit that served as a basis for the search warrant contained false information. 978 F.2d at 1027. The Court, relying on common principles of criminal procedure, denied defendants motion because even after striking the false information, the affidavit contained sufficient information to support a finding of probable cause for a warrant. *Id.* at 1027.

denied the defendant's motion to dismiss because it was not accompanied by a separate memorandum of supporting authorities.  *See id.* ("*It is clear that Defendant's Motion to Dismiss fails to comply with the local rules.  Therefore, the Court will deny the Motion to Dismiss without prejudice.*") (emphasis added).

Eleutian failed to comply with DUCivR 7-1(a)-(b).  To wit, Eleutian's motion *improperly contains argument*, *was not accompanied* by a separate memorandum of supporting authorities, and *fails to succinctly* set forth appropriate grounds for bringing the motion.  (*See generally* Pl.'s Mot. Strike)  Eleutian's failure to comply with these rules merits denial of the motion, and/or another appropriate sanction.[2]  *See* DUCivR 7-1(a)-(b); *see also Summit Financial Resources*, 2008 WL 3346140.

## CONCLUSION

Based on the foregoing, Elder Scott respectfully request that this Court deny Eleutian's motion to strike.

DATED this <u>19th</u>  day of August, 2008

                                                        KIRTON & McCONKIE

                                                        By <u>/s/ Shawn T. Richards</u>
                                                             R. Willis Orton
                                                              Gregory S. Moesinger
                                                              Shawn T. Richards
                                                              Attorneys for Richard G. Scott

---

[2] The Advisory Committee Note, footnote 1 to DUCivR 7-1(a), acknowledges that the element of sanctions was inserted into the rule because "litigants [such as Eleutian] frequently have not adhered to" the requirements of this rule.  In light of this comment, the Court, in its discretion, should sanction Eleutian in the manner indicated above.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **ELDER RICHARD G. SCOTT'S MEMORANDUM IN OPPOSITION TO PLAINITFF'S MOTION TO STRIKE,** to be served on the following on this  19th  of August, 2008, in the manner indicated below.

| | |
|---|---|
| Drake D. Hill<br>Mistee L. Godwin<br>Orintha Karns<br>BROWN, DREW & MASSEY, LLP<br>159 North Wolcott, Suite 200<br>Casper, Wyoming 82001 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(  ) E-Mail (EFC filing) |
| Brian J. Holiday<br>Eleutian Technology<br>215 2nd Street<br>Ten Sleep, Wyoming 82442 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) E-Mail (EFC filing) |
| Henry F. Bailey, Jr.<br>Jared Scott Crecelius<br>221 East 21st Street<br>P.O. Box 1557<br>Cheyenne, Wyoming 82003-1557 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(  ) E-Mail (EFC filing) |
| William W. Maycock<br>SMITH GAMBRELL & RUSSELL<br>Suite 3100 Promenade II<br>1230 Peachtree Street NE<br>Atlanta, Georgia 30309-3592 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(  ) E-Mail (EFC filing) |
| Michael J. Sullivan<br>John A Masterson<br>ROTHGERBER JOHNSON & LYONS LLP<br>123 West First Street, Suite 200<br>Casper, Wyoming 82601-2480 | (X) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(  ) E-Mail (EFC filing) |

/s/Wendy Maynard

1082386.1